IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 3:05 CR 708 (2)

-vs-

                                          O R D E R

BONNIE SWINT,

                Defendant.

KATZ, J.

       On November 6, 2006 the Court imposed sentence upon Defendant, Bonnie Swint, but left for briefing the issue of restitution. The Court has now received memoranda from both the Government and counsel for the Defendant, reviewed the same and the law impacting the issue of restitution in this case.

       It is the position of the Defendant that U.S.S.G. Section 2B1.1, Commentary Note 3(D)(I), dictates that the amount of loss should be zero. The Government opposes that position and clearly the case primarily relied upon by Defendant, *United States v. Morgan*, 376 F.3d 1002 (9th Cir. 2004) is inapposite on the issue of restitution. The *Morgan* case addresses the issue of loss for determining the guideline applicable for sentencing purposes, not for purposes of restitution. Restitution in this case is governed by Guideline Section 5E1.1 and 18 U.S.C. § 3663A, the Mandatory Victim Restitution Act or MVRA.

       The plain language of the applicable guideline and MVRA dictates that the Court *shall* enter a restitution order "for the full amount of the victim's loss."

Having determined that the appropriate guideline to be followed is Section 5E1.1(a)(1), the Court turns to the issue of the composition of the loss as claimed by the Government.  Multiple cases have been cited by the Government wherein courts of appeal have determined that the amount of restitution should include lost interest, particularly, as in the instant case where the victim is a financial institution.  *United States v. Rice* 43 F.3d 41, 47 (3rd Cir. 1994); *United States v. Rochester*, 898 F.2d 971, 983 (5th Cir. 1990); *United States v. Patty*, 992 F.2d 1045, 1049 (10th Cir. 1993).  The Court will include lost interest as an item for restitution.

The lender in this case has claimed the following items as composing its loss:

| | |
|---|---|
| Unpaid balance on Davies loan: | $36,878.60 |
| Accrued interest on the loan: | $17,502.74 |
| Advances (fees associated with sale of property) | $15,984.52 |
| Total | $70,365.86 |
| Proceeds from sale of property: | ($35,376.12) |
| Total Loss | $34,989.74 |

Included in the fees associated with the sale of property are legal fees totaling $8,652.28, which the Court finds are significantly excessive for the sale of a home for less than $50,000.  After investigation of legal fees incident to these types of matters in the Northwest Ohio Area, the Court will award $2,651.28.  Therefore, the actual loss figure to be awarded as restitution to Nationstar Mortgage (formerly Centex) is $28,990.74.

With respect to restitution to the Davies, former owners and mortgagees of the subject property, there was a side agreement between them and the Defendant's brother Douglas Jeffries.  That transaction, which was promoted by the Defendant, resulted in a second mortgage on the property which, the evidence at trial demonstrated, was fraudulent.  By inflating the purchase

price of the property, closing costs were increased from $828.94 to $3,943.77 or slightly more than 10% of the purchase price of the subject home. The Court finds that the Defendant must pay restitution to the Davies of $3,114.83. Therefore, the Court will order restitution to be paid by Defendant in the total amount of $32,115.57, comprised of $28,990.74 to be paid to Nationstar Mortgage (formerly Centrex) and $3,114.83 to Mr. And Mrs. John Davies. That total amount is due immediately and if not capable of paying the same, Defendant shall pay a sum totaling 10% of her monthly net earnings/income to be allocated between the two payees, such payment through the Clerk of this Court.

    IT IS SO ORDERED.

                                            s/ *David A. Katz*
                                            DAVID A. KATZ
                                            U. S. DISTRICT JUDGE